J-S37008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WAYNE ELLIS DEMIKO | |
| Appellant | No. 3385 EDA 2014 |

Appeal from the Judgment of Sentence October 29, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002638-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 28, 2015**

Appellant, Wayne Ellis Demiko, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following revocation of his probation. We affirm.

The relevant facts and procedural history of this case are as follows. On October 18, 2011, Appellant pled *nolo contendere* to aggravated assault after he slashed a prison guard with a razor blade. The court sentenced Appellant to two (2) to four (4) years' imprisonment, followed by three (3) years' probation. On April 16, 2014, Appellant assaulted an individual in a mental health facility. Appellant pled guilty to simple assault on September 25, 2014, and the court sentenced him to six (6) to twelve (12) months' imprisonment.

On October 29, 2014, the court conducted a **Gagnon II**[1] hearing and revoked Appellant's probation on the 2011 aggravated assault conviction. The court immediately resentenced Appellant to two (2) to six (6) years' imprisonment, consecutive to his 2014 simple assault sentence. On November 6, 2014, Appellant timely filed a motion to reconsider his revocation sentence, which the court denied on November 10, 2014. Appellant timely filed a notice of appeal on November 25, 2014. The court ordered Appellant on December 1, 2014, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on December 15, 2014.

Appellant raises the following issue for our review:

> WHETHER THE SENTENCE OF TWO TO SIX YEARS IMPRISONMENT IMPOSED AT THE **GAGNON II** HEARING HELD IN THIS MATTER ON OCTOBER 29, 2014 WAS HARSH AND EXCESSIVE UNDER THE CIRCUMSTANCES WHERE THE COURT RELIED ON AN IMPERMISSIBLE FACTOR THAT AMOUNTED TO THE COURT SENDING A MESSAGE TO A THIRD PARTY UNRELATED TO [APPELLANT].

(Appellant's Brief at 7).

Appellant argues his revocation sentence of two (2) to six (6) years' of state time is harsh and excessive because the court relied on an impermissible factor in resentencing Appellant. Specifically, Appellant

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

contends the court used Appellant's circumstances as an opportunity to address a personal issue the court had with a supervisor of the Pennsylvania Board of Probation and Parole ("Board"). Appellant alleges the court used his revocation sentence to send a message to a Board supervisor on how the court felt about the Board's recommended sentence of six (6) to twelve (12) months' county imprisonment. Appellant maintains the court's actions were outside the norms of sentencing, and that the court dismissed the agent's reasoning because of personal bias against the state, unrelated to Appellant's conduct on probation. Appellant concludes this Court should vacate his revocation sentence and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his revocation sentence. *See Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003) (stating claim that court considered improper factors at sentencing refers to discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. *Commonwealth v. Heilman*, 876 A.2d 1021 (Pa.Super. 2005). Notwithstanding the stated scope of review suggesting only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). *See also Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013)

(*en banc*) (discussing that scope of review following revocation proceedings includes discretionary sentencing claims).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Sierra, supra***. Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***See*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***See*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)). "The

requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.'" *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*).

> [O]nly where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. *See* [*Commonwealth v. Koehler*, 558 Pa. 334, 370, 737 A.2d 225, 244 (1999)] (party must articulate why sentence raises doubts that sentence was improper under the Sentencing Code).

*Mouzon, supra* at 435, 812 A.2d at 627.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Anderson, supra*. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. An appellant raises a substantial question where he alleges an excessive sentence due to the court's reliance on impermissible factors. *Commonwealth v. McNabb*, 819 A.2d 54 (Pa.Super. 2003).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa.Super. 2006). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa.Super. 2000).

The Sentencing Guidelines do not apply to sentences imposed following revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. ***Commonwealth v. Crump***, 995 A.2d 1280 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010).

Instantly, Appellant properly preserved his discretionary aspects of sentencing claim. ***See Evans, supra***. Moreover, Appellant's claim raises a

substantial question.    ***See McNabb, supra***.    Nevertheless, the court

concluded:

> This [c]ourt imposed the sentence because [Appellant] is a violent recidivist who has serious mental illness and cannot be effectively supervised by the County of Delaware.  He has a criminal record with arrests for Retail Theft, Criminal Trespass, Resisting Arrest, Theft, Criminal Mischief, Reckless Endangerment, Disorderly Conduct, Simple Assault, [and] Attempt to Commit Aggravated Assault.  While in prison, he incurred a new criminal charge of aggravated harassment and had 39 misconducts.  He committed a new violent offense within a few weeks of his release.
>
> Although the State Probation Officer who appeared at the ***Gagnon II*** hearing recommended that [Appellant] be given a County sentence, the State has superior resources to contend with a man with such violent propensities as a result of severe mental illness.  The County lacks the resources to supervise him once he is released.
>
> This [c]ourt did not fashion the sentence with the intent to send a message to any third party about an issue unrelated to [Appellant].  The State dispatched a probation officer to the ***Gagnon II*** hearing to advocate for a County sentence.  This [c]ourt saw this maneuver as a tactical ploy by the State to rid itself of responsibility for [Appellant].  The State provided [Appellant] with little assistance when he was in its custody, and it made an effort to ensure that he would not return to any form of State responsibility.  This [c]ourt believes that the State, not the County, has the superior, relevant resources.  Thus, it asked that the probation officer advise Ms. Mackie of the local State probation and parole office that she should employ State resources.  The admonition was directly relevant to [Appellant's] needs; it was not "unrelated."

(Trial Court Opinion, filed February 12, 2015, at 2-3) (citation to record

omitted).  The record supports the court's decision.  Thus, Appellant's

- 7 -

discretionary aspects of sentencing claim merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Lazarus joins this memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015